UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAMELA BAILEY d/b/a
MORE THAN OUR CRIMES,

      Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

Civil Action No. 24-1219 (PLF)

## STIPULATION OF DISMISSAL

Pursuant to the parties' settlement agreement in this matter (attached), the parties to this action hereby stipulate to dismiss this action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Date:   February 25, 2026

WILLIAMS & CONNOLLY LLP

By:   /s/ *Feyilana Lawoyin*
    Feyilana Lawoyin

Joseph M. Terry (DC Bar # 473095)
Feyilana Lawoyin (DC Bar # 90003372)
680 Maine Avenue, SW
Washington, DC 20024
T: (202) 434-5000
F: (202) 434-5029
jterry@wc.com
flawoyin@wc.com

*Counsel for Plaintiff Pamela Bailey*
*d/b/a More Than Our Crimes*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   /s/ Benjamin H. Zieman
    Benjamin H. Zieman
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2540
    benjamin.zieman@usdoj.gov

*Attorneys for United States of America*

## SETTLEMENT AGREEMENT

By and through their respective counsel, Defendant FEDERAL BUREAU OF PRISONS and Plaintiff PAMELA BAILEY hereby agree to settle and compromise the civil action captioned, Pamela Bailey d/b/a More Than Our Crimes v. Federal Bureau of Prisons, Civil Action No. 24-1219 (PLF) (D.D.C.), under the terms and conditions set forth in this Settlement Agreement.

1. Definitions

    A. "Agreement" means this Settlement Agreement.

    B. The "Bureau" or "Defendant" means the Federal Bureau of Prisons.

    C. "Civil Action" means the above referenced case, Pamela Bailey d/b/a More Than Our Crimes v. Federal Bureau of Prisons, Civil Action No. 24-1219 (PLF) (D.D.C.).

    D. "Court" means the United States District Court for the District of Columbia.

    E. "Email Addresses" means the email addresses used by Plaintiff: pam@morethanourcrimes.org and paminprogress@gmail.com.

    F. "Effective Date" means the date on which both counsel for Plaintiff and counsel for Defendant have received fully-executed copies of this Agreement.

    G. "Parties" means all parties to this Agreement, including Plaintiff and Defendant.

    H. "Plaintiff" means Pamela Bailey.

    I. "TRULINCS" is the Bureau's email system that allows inmates to send and receive emails with individuals in the community.

2.      Terms of Agreement

       A.      The Bureau shall remove any TRULINCS blocks on Plaintiff's email addresses pam@morethanourcrimes.org or paminprogress@gmail.com at BOP facilities. The Bureau shall not reinstate at the facilities any blocks on Plaintiff's email addresses for actions or conduct that occurred prior to the effective date of this agreement.

       B.      Plaintiff agrees to abide by all rules governing TRULINCS, including Bureau Program Statement 4500.12, Trust Fund/Deposit Fund Manual.

       C.      The Bureau is authorized to place future TRULINCS blocks on Plaintiff or Plaintiff's email addresses for a failure to abide by the rules governing the email system. If the Bureau institutes any such block and Plaintiff appeals the block in accordance with the Bureau's procedure, and Plaintiff either does not receive a Bureau response to an appeal or would like further clarification regarding the Bureau's response to an appeal, Plaintiff can send an email to BOP-OGC-ExecAssistant-s@bop.gov asking for a response or clarification. A Bureau staff member shall provide a response or clarification to Plaintiff, including the communication(s) by Plaintiff that triggered the block and the rule(s) that Plaintiff was deemed to have violated. Plaintiff shall include the words "Attention: Litigation Branch" in the subject line of the email. Plaintiff shall not provide the above email address to any other party or person.

       D.      The Bureau's public webpage contains a section of topics discussing TRULINCS. The Bureau shall add to this section language describing a

- 2 -

user's appeal rights in the event of a block, as well as a direct link to Program Statement 4500.12, Trust Fund/Deposit Fund Manual, as this program statement provides for the specific rules governing TRULINCS. The Bureau shall also add a direct link to Program Statement 4500.12, Trust Fund/Deposit Fund Manual, to the acknowledgment page that individuals in the community must accept to access TRULINCS.

3.    Time Frame.   The Terms of Agreement in Section 2 above shall remain in effect for two (2) years from the Effective Date.

4.    Dismissal with Prejudice. On or after the Effective Date of this Agreement, Plaintiff and Plaintiff's counsel agree and consent to Defendant's counsel filing the Stipulation of Dismissal attached hereto bearing Plaintiff's counsel's printed signature (designated "By Permission") with the Court, and such filing shall constitute a dismissal of the Civil Action with prejudice pursuant Federal Rule of Civil Procedure 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Agreement.

5.    Release. This Agreement provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the Civil Action, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the Bureau or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of in the Civil Action. Plaintiff hereby fully and forever releases and discharges the Bureau and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising

out of or in connection with any event occurring on or before the Effective Date of this Agreement. In connection with this release, Plaintiff acknowledges that Plaintiff is aware that Plaintiff may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which Plaintiff now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Agreement, to settle and release all such rights and claims; provided, however, that nothing in this Agreement shall affect any rights or claims that may arise after the Effective Date of this Agreement.

6.      No Assignment. Plaintiff represents and warrants that Plaintiff is the sole lawful owner of all the rights and claims that Plaintiff has settled and released herein, and that Plaintiff has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

7.      No Admission of Liability. This Agreement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, an admission that the Bureau or any of the Bureau's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against the Bureau or the United States or any of its agencies

- 4 -

or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8.      Entire Agreement. This Agreement contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

9.      Amendments. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

10.     Construction. The parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

11.     Headings. The paragraph headings in this Agreement have been inserted for convenience of reference only and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

12.     Severability. The provisions of this Agreement are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire Agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provisions in accordance with the remaining provisions of this Agreement.

13.     <u>Further Assurances.</u> Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

14.     <u>Right to Cure.</u> If either Plaintiff or Defendant at any time believes that the other party is in breach of this Agreement, that party shall promptly notify the other party of the alleged breach. The other party shall then have thirty days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Agreement before bringing the dispute to the Court's attention.

15.     <u>Execution.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile, electronic signature, or other duplicate of a signature shall have the same effect as a manually executed original.

16.     <u>Governing Law.</u> This Agreement shall be governed by the laws of the United States and the District of Columbia without regard to the choice of law rules utilized in that jurisdiction.

17.     <u>Binding Effect and Effective Date.</u> Upon execution of this Agreement by all Parties hereto, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns. This Agreement is not binding on non-parties to the Agreement and cannot be enforced by non-parties. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date").

18.     <u>Fees and Costs.</u> The Parties agree to bear their own fees and costs, including any attorney's fees.

19.    Authority to Sign. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion.

FOR DEFENDANT FEDERAL BUREAU OF PRISONS:

JEANINE FERRIS PIRRO
United States Attorney

PETER C. PFAFFENROTH
Chief, Civil Division

By: _____        _____
          Benjamin H. Zieman                            Date
          Assistant United States Attorney
          601 D Street, NW
          Washington, DC 20530
          (202) 252 2540
          benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*

FOR PLAINTIFF:

_____        _2/23/26_____
PAMELA BAILEY d/b/a                            Date
MORE THAN OUR CRIMES

*Plaintiff*

WILLIAMS & CONNOLLY LLP

By: _____        _____
          Feyilana Lawoyin                            Date

Joseph M. Terry (DC Bar # 473095)
Feyilana Lawoyin (DC Bar # 90003372)
680 Maine Avenue, SW
Washington, DC 20024
T: (202) 434-5000

19.    Authority to Sign. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion.

FOR DEFENDANT FEDERAL BUREAU OF PRISONS:

JEANINE FERRIS PIRRO
United States Attorney

PETER C. PFAFFENROTH
Chief, Civil Division

By: _____          _____
     Benjamin H. Zieman                                          Date
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252 2540
     benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*

FOR PLAINTIFF:

_____          _____
PAMELA BAILEY d/b/a                               Date
MORE THAN OUR CRIMES

*Plaintiff*

WILLIAMS & CONNOLLY LLP

By: */s/ Feyilana Lawoyin*                       February 25, 2026
     Feyilana Lawoyin                                   Date

Joseph M. Terry (DC Bar # 473095)
Feyilana Lawoyin (DC Bar # 90003372)
680 Maine Avenue, SW
Washington, DC 20024
T: (202) 434-5000

- 7 -

- 8 -

F: (202) 434-5029
jterry@wc.com
flawoyin@wc.com

*Counsel for Plaintiff Pamela Bailey d/b/a More Than Our Crimes*

19.     Authority to Sign. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion.

FOR DEFENDANT FEDERAL BUREAU OF PRISONS:

JEANINE FERRIS PIRRO
United States Attorney

PETER C. PFAFFENROTH
Chief, Civil Division

By:  /s/ Benjamin H. Zieman                          February 25, 2025
       Benjamin H. Zieman                              Date
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252 2540
       benjamin.zieman@usdoj.gov

*Attorneys for the United States of America*

FOR PLAINTIFF:


PAMELA BAILEY d/b/a                                  Date
MORE THAN OUR CRIMES

*Plaintiff*

WILLIAMS & CONNOLLY LLP

By:

       Feyilana Lawoyin                               Date

Joseph M. Terry (DC Bar # 473095)
Feyilana Lawoyin (DC Bar # 90003372)
680 Maine Avenue, SW
Washington, DC 20024
T: (202) 434-5000

- 7 -

- 8 -

F: (202) 434-5029
jterry@wc.com
flawoyin@wc.com

*Counsel for Plaintiff Pamela Bailey d/b/a More Than Our Crimes*