IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Pamela Bailey,
D/B/A More Than Our Crimes,
        Plaintiff,

    v,

Federal Bureau of Prisons,
        Defendant,

Philip M. Sebolt,
        **Plaintiff-Intervenor.**

Case No.: 24-1219 (PLF)

RECEIVED
MAILROOM

APR 27 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

## MOTION FOR LEAVE TO INTERVENE

NOW COMES, non-party, Philip M. Sebolt (hereinafter "Plaintiff-Intervenor"), in the pro se capacity, and hereby respectfully moves the court for an issuance of an order permitting him to intervene as a Plaintiff in the above-captioned civil action by right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. Or, in the alternative, by permission pursuant to Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure.

In support, Plaintiff-Intervenor states as follows:

1.      Plaintiff-Intervenor is a prisoner of the United States and is currently in the custody of Defendant Federal Bureau of Prisons (hereinafter "Defendant"). See Proposed Complaint in Intervention at 4 attached hereto as EXHIBIT A.

2.      Plaintiff-Intervenor asserts two claims against Defendant: a claim under the First Amendment for the continued violation of his right to correspond with Plaintiff, Pamela Bailey (count one), and a claim under the Administrative

- 1 -

Procedures Act for violating the public notice and comment requirement when Defendant promulgated the Sex Offender Exclusion Policy at issue in this Complaint in Intervention (count two). Complaint in Intervention at 18-21.

3.        Defendant's application of the Sex Offender Exclusion Policy instituted a permanent restriction upon Plaintiff-Intervenor's use of its Electronic/Public Messaging service, thereby prohibiting correspondence between him and Pamela Bailey. Complaint in Intervention at 6-10. Plaintiff-Intervenor has no alternative means of reaching out to, and corresponding with her. Complaint in Intervention at 5, 13-14, and 19.

4.        Plaintiff-Intervenor has a legally protected interest under the First Amendment to correspond with Pamela Bailey. So to, Pamela Bailey shares in that interest under the First Amendment to correspond with Plaintiff-Intervenor, a prisoner. See Rowe v. Shake, 196 F.3d 778, 782-83 (7th Cir. 1999)(citing Turner v. Safley, 482 U.S. 78 (1987) and Procunier v. Martinez, 416 U.S. 396 (1974)). See also, Nakao v. Rushen, 635 F. Supp. 1362, 1364 (N.D. Cal.; May 27, 1986)("[P]risoners and non-prisoners have a first amendment right to correspond by mail").

5.        Plaintiff-Intervenor has standing to assert his rights as he adequately demonstrates his desire to correspond with Pamela Bailey in order to express to her of his conditions of confinement and adverse living conditions while confined in Defendant's institutions. Complaint in Intervention at 4-5.

6.       Although the action to which Plaintiff-Intervenor seeks to intervene as a Plaintiff differs as to the facts insofar as the types of blocks and reasons (or absence thereof) for the blocks.[1] Pamela Bailey and Plaintiff-Intervenor nevertheless share the common question of law as to whether each of our First Amendment rights to correspond with each other via Defendant's Electronic/Public Messaging service have been violated and whether that right extends to such mode of communication.

7.       As a practical matter, Plaintiff-Intervenor's interests will be affected by the outcome of the action in the case sub judice as he will be bound by a judgment which will impair his ability to litigate a separate and future action in order to protect his interests.

8.       Pamela Bailey asserts in her Complaint that Defendant violated her rights under the First Amendment to correspond with inmates in its custody because Defendant instituted several blocks on her email address. Here, Plaintiff-Intervenor asserts that Defendant violated his rights under the First Amendment to correspond with Pamela Bailey because Defendant instituted the Sex Offender Exclusion Policy upon him thereby effectively blocking his right to correspond with Ms.

---

[1] In the case, sub judice, Defendant blocked Pamela Bailey's email address without reason at multiple institutions thereby preventing correspondence with scores of inmates. Here, Defendant applied a complete exclusion upon Plaintiff-Intervenor's access to the Electronic/Public Messaging service, thereby preventing correspondence between Plaintiff-Intervenor and Pamela Bailey. The Sex Offender Exclusion Policy also blocks scores of inmates from correspondence with Pamela Bailey.

Bailey.

9.      Because Plaintiff-Intervenor and Pamela Bailey both assert claims involving "'precisely the same legal right in respect to the subject-matter involved.'" Nationwide Mut. Ins. Co. v. Nat'l REO Mgmt, 205 F.R.D  1, 5 (D. D.C.; July 26, 2000)(quoting Gill & Duffus Srvs., Inc. v. A.M. Nural Islam, 675 F.2d 404, 406 n.3 (D.C. Cir. 1982)), and because "the interests of both parties are inextricably meshed," Martinez, 416 U.S. at 409, Plaintiff-Intervenor and Pamela Bailey are in privity. Because this is so, a judgment in this case will have a preclusive effect upon Plaintiff-Intervenor for any future litigation involving the same issues or claims and parties. "In order to be bound by issue preclusion or claim preclusion, a person must be a privy to a party in the original lawsuit." Nationwide Mut. Ins. Co., 205 F.R.D. at 5.[2]

10.      Because Plaintiff-Intervenor would be precluded by issue or claim preclusion from asserting his right under the First Amendment to correspond with Pamela Bailey via Defendant's Electronic/Public Messaging service, his interests would be impaired if not permitted to intervene.

11.      Pamela Bailey cannot adequately represent Plaintiff-Intervenor's interests since Defendant had not invoked the Sex Offender Exclusion Policy to exclude any of the inmates

---

2. See also, Thompson v Trump, 590 F. Supp. 3d 46, 88 (D. D.C.; Feb. 18, 2022)("The doctrine of res judica, also known as claim preclusion, provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). "The related doctrine of collateral estoppel, or issue preclusion, provides that 'once a court has decided an issue of fact or law necessary to is judgment, that decision

Ms. Bailey corresponds with and are at issue in this case.

12.     Although this lawsuit has been pending since April 24, 2024 (See Complaint, Doc. 1), Plaintiff-Intervenor did not become aware of the lawsuit until the Summer of 2025 following this court's ruling on Pamela Bailey's Motion to Dismiss. See Complaint in Invervention at 5. Shortly thereafter, it became apparent to Plaintiff-Intervenor that his interests will not be protected by this case and will become impaired.

13.     This case is likely in the discovery phase. This circuit has found motions to intervene as timely filed even during the discovery phase. Convertino v. United States DOJ, 674 F. Supp. 2d 97, 109 (D. D.C.; Dec. 10, 2009)(Finding motion to intervene as timely even when discovery was ongoing). See also, In Re Vitamins Antitrust Litigation, No. MISC 99-197, 2001 U.S. Dist. Lexis 25068 at *31-32 (D. D.C.; Mar. 19, 2001)(Same).

14.     In addition, permitting Plaintiff-Intervenor to Intervene in this case will not cause delay in Pamela Bailey's sought after relief as this court has already granted Ms. Bailey relief in all but one email block following a ruling on a Motion For Preliminary Injunction on June 28, 2024. See Doc. 17.

WHEREFORE, Plaintiff-Intervenor respectfully requests for the court to grant him permission to intervene in this case either by right or by permission.

\*    \*    \*

---

may b precluded relitigating of the issue in a suit on a different cause of action involving a party to the first case.'" (quoting Allen, 449 U.S. at 94)).

Respectfully submitted this 20th day of April, 2026.

_Philip Sebolt_

Philip Sebolt
Reg. No. 14682-424
USP Tucson
P. O. Box 24550
Tucson, AZ 85734-4550

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on _April 20_ , 2026, I served a copy of the foregoing by First Class United States Mail, postage prepaid and properly addressed to:

Feyilana Lawoyin
Williams & Connolly, LLP
680 Maine Ave. S.W.
Washington, D.C. 20024

M. Jared Littman
U.S. Attorney's Office
601 D St. N.W.
Washington, D.C. 20530

_Philip Sebolt_
Philip Sebolt